Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Lauren K. Katzenellenbogen (SBN 223,370)
lauren.katzenellenbogen@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>MODA COLLECTION, LLC d/b/a Moda Sunglass, a Missouri corporation,<br><br>            Defendant. | Civil Action No. 8:16-CV-00160<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of MODA Collection, LLC d/b/a Moda Sunglass ("Defendant") and alleges as follows:

## I.  JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action that relate to design patent infringement, trademark infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116(a), 1121(a), 1125(a), and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

## II.  THE PARTIES

4.     Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

/ / /

- 1 -

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant MODA Collection, LLC d/b/a Moda Sunglass is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 2145 North Bristol Lane, Nixa, Missouri 65714.

6.     Oakley is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

### III.  GENERAL ALLEGATIONS

7.     Oakley is one of the world's most iconic brands.  The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style.   Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8.     Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9.     On October 22, 2013, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D692,047 (the "D047 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D047 Patent.  A true and correct copy of the D047 Patent is attached hereto as Exhibit 1.

10.     On March 11, 2014, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D700,933 (the "D933 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D933 Patent.  A true and correct copy of the D933 Patent is attached hereto as Exhibit 2.

/ / /

11.    On February 23, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D610,603 (the "D603 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D603 Patent.  A true and correct copy of the D603 Patent is attached hereto as Exhibit 3.

12.    On May 11, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D615,580 (the "D580 Patent"), titled "EYEGLASS FRAME AND EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title, and interest in the D580 Patent.  A true and correct copy of the D580 Patent is attached hereto as Exhibit 4.

13.    On July 15, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D573,172 (the "D172 Patent"), titled "EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D172 Patent.  A true and correct copy of the D172 Patent is attached hereto as Exhibit 5.

14.    On March 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D565,088 (the "D088 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D088 Patent.  A true and correct copy of the D088 Patent is attached hereto as Exhibit 6.

15.    On March 18, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D564,572 (the "D572 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D572 Patent.  A true and correct copy of the D572 Patent is attached hereto as Exhibit 7.

16.    On January 17, 2012, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D652,442 (the "D442 Patent"), titled "EYEGLASS."   Oakley is the owner by assignment of all right, title, and

interest in the D442 Patent.  A true and correct copy of the D442 Patent is attached hereto as Exhibit 8.

17.     On July 31, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D547,793 (the "D793 Patent"), titled "EYEGLASSES."  Oakley is the owner by assignment of all right, title, and interest in the D793 Patent.  A true and correct copy of the 793 Patent is attached hereto as Exhibit 9.

18.     On January 28, 2003, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D469,458 (the "D458 Patent"), titled "EYEGLASS FRONT."  Oakley is the owner by assignment of all right, title, and interest in the D458 Patent.  A true and correct copy of the D458 Patent is attached hereto as Exhibit 10.

19.     On September 3, 2002, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D462,375 (the "D375 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D375 Patent.  A true and correct copy of the D375 Patent is attached hereto as Exhibit 11.

20.     On March 18, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D564,571 (the "D571 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D571 Patent.  A true and correct copy of the D571 Patent is attached hereto as Exhibit 12.

21.     On November 15, 2011, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D648,771 (the "D771 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D771 Patent.  A true and correct copy of the D771 Patent is attached hereto as Exhibit 13.

/ / /

22.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that have infringed Oakley's intellectual property rights, including the D047 Patent, D933 Patent, D603 Patent, D580 Patent, D172 Patent, D088 Patent, D572 Patent, D442 Patent, D793 Patent, D458 Patent, D375 Patent, D571 Patent, and D771 Patent (the "Asserted Patents").

23.     Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. §287.

24.     In order to protect Oakley's investment in the development of its proprietary technology, Oakley has obtained numerous trademark registrations, including Trademark Registration No. 2,146,295 for the mark shown below:



and Trademark Registration No. 1,984,501 for the mark shown below:



(collectively the "Oakley Marks").

25.     Oakley is the owner of Trademark Registration No. 2,146,295. Trademark Registration No. 2,146,295 was registered with the U.S.P.T.O. on March 24, 1998 on the Principal Register.   Trademark Registration No. 2,146,295 is associated with the following goods: protective and/or anti-glare eyewear, namely, sunglasses, goggles, spectacles and their parts and accessories, namely, replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories.   A true and correct copy of the certificate of registration of Trademark Registration No. 2,146,295 is attached hereto as

- 5 -

1  Exhibit 14.

2      26.    Oakley is the owner of Trademark Registration No. 1,984,501.

3  Trademark Registration No. 1,984,501 was registered with the U.S.P.T.O. on

4  July 2, 1996 on the Principal Register.  Trademark Registration No. 1,984,501 is

5  associated with the following goods: protective and/or anti-glare eyewear,

6  namely sunglasses, goggles, spectacles and their parts and accessories, namely

7  replacement lenses, earstems, frames, nose pieces and foam strips; cases

8  specially adapted for protective and/or anti-glare eyewear and their parts and

9  accessories.   A true and correct copy of the certificate of registration of

10  Trademark Registration No. 1,984,501 is attached hereto as Exhibit 15.

11      27.    Without permission or consent from Oakley, Defendant is offering

12  for sale, distributing, marketing, and/or selling eyewear bearing the Oakley

13  Marks:



*Infringing Mark*

19      28.    Defendant did not begin using its infringing mark in connection

20  with eyewear until long after Oakley began using the Oakley Marks.

21      29.    Oakley is informed and believes, and on that basis alleges, that

22  Defendant's unauthorized use of its infringing mark is intended to trade upon

23  the goodwill and substantial recognition associated with Oakley and the Oakley

24  Marks.

25      30.    Oakley is informed and believes, and on that basis alleges, that

26  Defendant is using its infringing mark in an attempt to associate its eyewear

27  products with Oakley and the Oakley Marks, to cause mistake or deception as to

28  the source of Defendant's eyewear products, and/or to otherwise trade upon

- 6 -

Oakley's valuable reputation and customer goodwill in the Oakley Marks.

31.    Oakley is informed and believes, and on that basis alleges, that Defendant's use of its infringing mark is designed to cause confusion, mistake, or deception.

32.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Oakley's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Oakley's and Defendant's goods, has caused actual confusion, and has otherwise competed unfairly with Oakley by unlawfully trading on and using the Oakley Marks without Oakley's permission or consent.

33.    Oakley manufactures and sells sunglasses under the mark FLAK JACKET® bearing distinctive trade dress in the overall design of the sunglasses ("FLAK JACKET® Trade Dress").  An example of an Oakley product bearing the distinctive FLAK JACKET® Trade Dress is depicted in the image attached as Exhibit 16.

34.    As a result of Oakley's widespread use and display of the FLAK JACKET® Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the FLAK JACKET® Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the FLAK JACKET® Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the FLAK JACKET® Trade Dress has established strong secondary meaning and extensive goodwill.

35.    Oakley manufactures and sells sunglasses under the mark HALF HOLBROOK bearing distinctive trade dress in the overall design of the sunglasses ("HOLBROOK Trade Dress").  An example of an Oakley product bearing the distinctive HOLBROOK Trade Dress is depicted in the image attached as Exhibit 17.

/ / /

36.     As a result of Oakley's widespread use and display of the HOLBROOK Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HOLBROOK Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HOLBROOK Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the HOLBROOK Trade Dress has established strong secondary meaning and extensive goodwill.

37.     Oakley is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

38.     Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business.  Oakley will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## IV.  FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

39.     Oakley repeats and re-alleges the allegations of paragraphs 1-38 of this Complaint as if set forth fully herein.

40.     This is a claim for patent infringement under 35 U.S.C. § 271.

41.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D047 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D047 Patent, including for example, Defendant's *MD3072-RV* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

/ / /

/ / /

/ / /

| Accused Product | Oakley's Patent |
|---|---|
| MD3072-RV | U.S. Patent No. D692,047 |



42.     Defendant's acts of infringement of the D047 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D047 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *MD3072-RV* model sunglasses are a nearly identical copy of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D047 Patent.  Defendant infringed the D047 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D047 Patent.  Defendant's acts of infringement of the D047 Patent were not consistent with the standards of commerce for its industry.

43.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D933 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D933 Patent, including for example, Defendant's *MD3046* and *MD3046-RV* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| MD3046 | U.S. Patent No. D700,933 |



MD3046

MD3046-RV

44.     Defendant's acts of infringement of the D933 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D933 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *MD3046* and *MD3046-RV* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D933 Patent. Defendant infringed the D933 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D933 Patent. Defendant's acts of infringement of the D933 Patent were not consistent with the standards of commerce for its industry.

45.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D603 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially

similar to the claims of the D603 Patent, including for example, Defendant's *OV5453K* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OV5453K | U.S. Patent No. D610,603 |
|  |  |

46.    Defendant's acts of infringement of the D603 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D603 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OV5453K* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D603 Patent.  Defendant infringed the D603 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D603 Patent.  Defendant's acts of infringement of the D603 Patent were not consistent with the standards of commerce for its industry.

47.    Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D580 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially

similar to the claims of the D580 Patent, including for example, Defendant's *OV5457K* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OV5457K | U.S. Patent No. D615,580 |
|  |  |

48.     Defendant's acts of infringement of the D580 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D580 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OV5457K* model sunglasses are nearly identical copies of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D580 Patent.  Defendant infringed the D580 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D580 Patent.  Defendant's acts of infringement of the D580 Patent were not consistent with the standards of commerce for its industry.

49.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D172 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially

similar to the claims of the D172 Patent, including for example, Defendant's *OU004KK* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|:---:|:---:|
| OU004KK | U.S. Patent No. D573,172 |
|  | |

50.     Defendant's acts of infringement of the D172 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D172 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OU004KK* model sunglasses are nearly identical copies of Oakley's design.     Accordingly, Defendant's actions constitute willful and intentional infringement of the D172 Patent.  Defendant infringed the D172 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D172 Patent.  Defendant's acts of infringement of the D172 Patent were not consistent with the standards of commerce for its industry.

51.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D088 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially

similar to the claims of the D088 Patent, including for example, Defendant's *OU004KK* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OU004KK | U.S. Patent No. D565,088 |
|  | |

52.   Defendant's acts of infringement of the D088 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D088 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OU004KK* model sunglasses are nearly identical copies of Oakley's design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D088 Patent.  Defendant infringed the D088 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D088 Patent.  Defendant's acts of infringement of the D088 Patent were not consistent with the standards of commerce for its industry.

53.   Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D572 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially

similar to the claims of the D572 Patent, including for example, Defendant's *MD3017* and *OV21K* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| MD3017 | U.S. Patent No. D564,572 |
|  |  |
| OV21K | |
|  | |

54.     Defendant's acts of infringement of the D572 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D572 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *MD3017* and *OV21K* model sunglasses are nearly identical copies of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D572 Patent. Defendant infringed the D572 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have

known, that its actions constituted infringement of the D572 Patent. Defendant's acts of infringement of the D572 Patent were not consistent with the standards of commerce for its industry.

55.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D442 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D442 Patent, including for example, Defendant's *OV5454K* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OV5454K | U.S. Patent No. D652,442 |
|  |  |

56.     Defendant's acts of infringement of the D442 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D442 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OV5454K* model sunglasses are nearly identical copies of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D442 Patent. Defendant infringed the D442 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that

its actions constituted infringement of the D442 Patent.  Defendant's acts of infringement of the D442 Patent were not consistent with the standards of commerce for its industry.

57.    Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D793 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D793 Patent, including for example, Defendant's *OV5001PK* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OV5001PK | U.S. Patent No. D547,793 |
|  |  |

58.    Defendant's acts of infringement of the D793 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D793 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OV5001PK* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D793 Patent.  Defendant infringed the D793 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions

constituted infringement of the D793 Patent.  Defendant's acts of infringement of the D793 Patent were not consistent with the standards of commerce for its industry.

59.    Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D458 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D458 Patent, including for example, Defendant's *RAA08PB* and *5423* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| *RAA08PB* | U.S. Patent No. D469,458 |



60.    Defendant's acts of infringement of the D458 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D458 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *RAA08PB* and *5423* model sunglasses

are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D458 Patent.  Defendant infringed the D458 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D458 Patent.  Defendant's acts of infringement of the D458 Patent were not consistent with the standards of commerce for its industry.

61.    Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D375 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D375 Patent, including for example, Defendant's *5425* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|:---:|:---:|
| *5425* | U.S. Patent No. D462,375 |
|  |  |

62.    Defendant's acts of infringement of the D375 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D375 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *5425* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D375 Patent.  Defendant infringed

- 19 -

the D375 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D375 Patent.  Defendant's acts of infringement of the D375 Patent were not consistent with the standards of commerce for its industry.

63.    Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D571 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D571 Patent, including for example, Defendant's *OH22407K* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| OH22407K | U.S. Patent No. D564,571 |
|  |  |

64.    Defendant's acts of infringement of the D571 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D571 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *OH22407K* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D571 Patent.  Defendant infringed

the D571 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D571 Patent.  Defendant's acts of infringement of the D571 Patent were not consistent with the standards of commerce for its industry.

65.     Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe the D771 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D771 Patent, including for example, Defendant's *PG4816* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website.

| Accused Product | Oakley's Patent |
|---|---|
| PG4816 | U.S. Patent No. D648,771 |
|  |  |

66.     Defendant's acts of infringement of the D771 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D771 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *PG4816* model sunglasses are blatant knock-offs of Oakley's design.  Accordingly, Defendant's actions constitute

willful and intentional infringement of the D771 Patent. Defendant infringed the D771 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D771 Patent. Defendant's acts of infringement of the D771 Patent were not consistent with the standards of commerce for its industry.

67. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

68. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

69. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

70. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of Oakley's design patents.

71. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

72. Defendant will continue to directly and/or indirectly infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)
(15 U.S.C. § 1114)

73. Oakley repeats and re-alleges the allegations of paragraphs 1-72 of this Complaint as if set forth fully herein.

74. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

75.    Oakley is informed and believes, and thereon alleges, that Defendant is involved in the manufacture, sale, offer for sale, distribution, import, and/or export of sunglasses that bear marks that are confusingly similar to the Oakley Marks without Oakley's consent.  For example, Defendant's *OV5489K* model sunglasses use marks that are confusingly similar to the Oakley Marks.

76.    Oakley is informed and believes, and thereon alleges, that long after Oakley's adoption and use of the Oakley Marks, after the federal registration of the Oakley Marks, and after the Oakley Marks have become famous, Defendant has affixed and used marks that are confusingly similar to the Oakley Marks without Oakley's consent in a manner that infringes upon Oakley's rights in the Oakley Marks in violation of 15 U.S.C. § 1114.

77.    Without Oakley's consent, Defendant uses in commerce marks that are confusingly similar to the Oakley Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

78.    Oakley is informed and believes, and thereon alleges, that Defendant did so with the intent to unfairly compete with Oakley, to trade upon Oakley's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originate from, or are approved by Oakley, when they are not.

79.    Defendant's activities constitute willful and intentional infringement of the Oakley Marks, and were done despite Defendant's knowledge that the use of the Oakley Marks was and is in direct contravention of Oakley's rights.

80.    Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive,

gains, profits, and advantages from the use of the Oakley Marks in an amount that is not presently known to Oakley.   By reason of Defendant's actions, constituting unauthorized use of the Oakley Marks, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

81.   Due to Defendant's actions, constituting unauthorized use of the Oakley Marks, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Trade Dress Infringement)
(15 U.S.C. § 1125(a))

82.   Oakley repeats and re-alleges the allegations of paragraphs 1-81 of this Complaint as if set forth fully herein.

83.   This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

84.   Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.   For example, Defendant's *CF1869*, *MD3033*, *MD3062-RV*, *MD3031-RV*, *RAB89282B*, and *OY92849K* model sunglasses use trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress.

85.   Defendant's use of the HOLBROOK Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

86.   Subsequent to Oakley's use and adoption of the FLAK JACKET® Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the FLAK JACKET® Trade Dress.   For example, Defendant's *CF1869*, *MD3033*,

- 24 -

*MD3062-RV*, *MD3031-RV*, *RAB89282B*, and *OY92849K* model sunglasses use trade dress that is confusingly similar to Oakley's FLAK JACKET® Trade Dress.

87.   Defendant's use of the FLAK JACKET® Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

88.   Oakley is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement were undertaken willfully with the express intent to cause confusion, and to mislead and deceive the purchasing public.

89.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to Oakley.   By reason of Defendant's actions, constituting trade dress infringement, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

90.   Due to Defendant's actions, constituting trade dress infringement, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

91.   Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## **FOURTH CLAIM FOR RELIEF**

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))

92.   Oakley repeats and re-alleges the allegations of paragraphs 1-91 of this Complaint as if set forth fully herein.

93.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

94.    Defendant's use of the Oakley Marks without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley, or as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities by Oakley in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

95.    Defendant's use of the Oakley Marks without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and/or commercial activities in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

96.    Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the Oakley Marks or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

97.    Defendant's use of the HOLBROOK and FLAK JACKET® Trade Dress ("Oakley Trade Dress") without Oakley's consent constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley, or as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities by Oakley in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

98.    Defendant's use of the Oakley Trade Dress without Oakley's consent constitutes a false designation of origin, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and/or commercial activities in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

99.    Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the Oakley Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

100.    Oakley is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

101.    Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and/or unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

102.    Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley

has no adequate remedy at law.

103.   Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's acts constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## FIFTH CLAIM FOR RELIEF

(Federal Trademark Dilution)
(15 U.S.C. § 1125(c))

104.   Oakley repeats and re-alleges the allegations of paragraphs 1-103 of this Complaint as if set forth fully herein.

105.   This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

106.   The products sold by Oakley under the Oakley Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

107.   Products sold under the Oakley Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions.  As a result, the Oakley Marks, and the goodwill associated therewith, are of great value to Oakley.

108.   By virtue of the wide renown acquired by the Oakley Marks, coupled with the national and international distribution and extensive sale of various products distributed under this trademark, the Oakley Marks have become famous.

109.   Oakley is informed and believes, and thereon alleges, that Defendant's actions were done willfully with intent to exploit Oakley's

reputation and dilute the Oakley Marks.

110.   By reason of the aforesaid acts constituting trademark dilution, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

111.   Due to Defendant's actions, constituting trademark dilution, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

(California Common Law Trademark Infringement)

112.   Oakley repeats and re-alleges the allegations of paragraphs 1-111 of this Complaint as if set forth fully herein.

113.   This is a claim for trademark infringement, arising under California common law.

114.   Defendant's acts complained of herein constitute trademark infringement under California common law.   Defendant's acts complained of herein are willful and deliberate and committed with knowledge that Defendant's unauthorized use of the Oakley Marks causes a likelihood of confusion.

115.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received and will continue to derive and receive, gains, profits, and advantages from Defendant's trademark infringement in an amount that is not presently known to Oakley.   By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

116.   Due to Defendant's trademark infringement, Oakley has suffered and continues to suffer great and irreparable injury for which Oakley has no adequate remedy at law.

/ / /

117. Defendant's willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, Oakley is entitled to exemplary damages.

## **SEVENTH CLAIM FOR RELIEF**

### (California Unfair Competition)

118. Oakley repeats and re-alleges the allegations of paragraphs 1-117 of this Complaint as if set forth fully herein.

119. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

120. Defendant's acts of trademark infringement, trade dress infringement, false designation of origin, and trademark dilution complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq.*

121. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley. By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

122. By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

/ / /

- 30 -

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the Asserted Patents in violation of 35 U.S.C. § 271;

C.     That Defendant accounts for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pays to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 289;

D.     An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

E.     That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a);

F.     That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

      1.  using the Oakley Marks or any mark confusingly similar thereto;

      2.  using Oakley's HALF JACKET Trade Dress, FLAK JACKET® Trade Dress, or any other trade dress that is confusingly similar to either Oakley's HALF JACKET Trade Dress or FLAK JACKET® Trade Dress;

      3.  falsely designating the origin of Defendant's goods;

      4.  unfairly competing with Oakley in any manner whatsoever;

/ / /

- 31 -

5.  causing a likelihood of confusion or injuries to Oakley's business reputation;

6.  manufacturing, using, displaying, distributing, marketing, and/or selling any goods bearing the Oakley Marks or any mark confusingly similar thereto;

7.  manufacturing, using, displaying, distributing, marketing, and/or selling any goods bearing the HALF JACKET Trade Dress, the FLAK JACKET® Trade Dress, and/or any trade dress confusingly similar to the HALF JACKET Trade Dress or the FLAK JACKET Trade Dress;

G.  That an accounting be ordered to determine Defendant's profits resulting from its trademark and trade dress infringement, false designation of origin, and unfair competition and that Oakley be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy  and as a remedy under 15 U.S.C. § 1117, including:

1.  all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

2.  all damages sustained by Oakley as a result of Defendant's acts of trademark and trade dress infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

3.  punitive damages stemming from Defendant's willful, intentional, and malicious acts;

H.  That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

I.  An Order adjudging that this is an exceptional case;

/ / /

J.     That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

K.     That Oakley recover exemplary damages pursuant to California Civil Code § 3294;

L.     An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

M.     An Order adjudging that this is an exceptional case;

N.     An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

O.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

P.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: <u>January 29, 2016</u>     By: <u>*/s/ Lauren Keller Katzenellenbogen*</u>
                                                    Michael K. Friedland
                                                    Lauren K. Katzenellenbogen
                                                    Ali S. Razai
                                                    Samantha Y. Hsu

                                                    Attorneys for Plaintiff
                                                    OAKLEY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: January 29, 2016     By: */s/ Lauren Keller Katzenellenbogen*
Michael K. Friedland
Lauren K. Katzenellenbogen
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC.

22480591